UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00209-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | AMENDED ORDER[1] |
| | ) | |
| TERRELL JAMAR HOUSTON, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on reconsideration of defendant's Motion to Suppress (#11). Such motion is on remand from the United States Supreme Court and the Court of Appeals for the Fourth Circuit for reconsideration in light of Byrd v. United States, 138 S. Ct. 1518 (2018).

## FINDINGS AND CONCLUSIONS

**I.   Background**

Originally, this Court denied defendant's Motion to Suppress based on United States v. Wellons, 32 F.3d 117 (4th Cir. 1994). The appellate court in Wellons held that a driver of a rental car, who is not listed on the rental contract as an authorized driver, had no expectation of privacy in the car or containers in the car and that the driver's Fourth Amendment rights therefore were not violated by a warrantless search of the rental car and its contents. See id. at 119-20. After the Court determined that the search in this case complied with Wellons, the Supreme Court held in Byrd "the mere fact that a driver in lawful possession or control of a rental car is not listed on the

---

[1] The Court has amended this Order to provide that the May 18, 2016, Judgment is reinstated. While the Fourth Circuit's Opinion (#48) "vacate[d] the decision of the district court" concerning the Motion to Suppress, the appellate court's attached Judgment provided that "the judgment of the district court is vacated." (#48-1) (emphasis added). Thus, the Court determines that it is necessary to reinstate the May 2016 Judgment. See 36 C.J.S. Federal Courts § 758.

1

rental agreement will not defeat his or her otherwise reasonable expectation of privacy." Id. at 1531. The Supreme Court granted *certiorari* in this matter, Houston v. United States, No. 17-6520 (U.S. May 21, 2018) (#46), and remanded this case for further consideration in light of Byrd. Id.

## II.    Evidentiary Hearing on Remand

At the hearing, the Court considered the Motion to Suppress *de novo*. The parties agreed at the hearing that the Court could rely on the evidence submitted at the original suppression hearing. See Transcript of First Suppression Hearing (#15). Defendant then offered additional evidence in the form of his own testimony, testifying that he had permission from his cousin (the lessee of the rental vehicle) to operate the car, that he had the keys to the car, and that he locked the car that morning before going into visit his probation officer to protect property he had stored in the vehicle. Considering that evidence in a light most favorable to defendant, it appears that he was in lawful possession of the car despite not being on the rental agreement, and that he had a reasonable expectation of privacy in the car and its contents at the time the car was searched. Byrd, supra.[2] Taking all the evidence together, the search of the vehicle would now be unlawful under the Fourth Amendment as determined in Byrd. The issue now is whether the evidence seized pursuant to such unlawful search should be suppressed.

## III.    Suppression

Suppression is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." United States v. Leon, 486 U.S. 897, 909 (1984) (quoting United States v. Calandra, 414 U.S. 338, 348 (1974)). "[T]he exclusionary rule serves to deter deliberate, reckless, or grossly

---

[2] The Court has not taken up the government's invitation to consider whether the search would also have been lawful as a search incident to the terms of supervision.

negligent conduct, or in some circumstances recurring or systemic negligence." Herring v. United States, 555 U.S. 135, 144 (2009).

There is, however, no *per se* rule that evidence gather pursuant to an unlawful search must be suppressed. "[E]vidence should be suppressed 'only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment.'" Illinois v. Krull, 480 U.S. 340, 348–49 (1987) (quoting United States v. Peltier, 422 U.S. 531, 542 (1975)). Suppression "applies only where it 'result[s] in appreciable deterrence.'" Herring, 555 U.S. at 141 (quoting Leon, 468 U.S. at 909). Thus, there is a good-faith exception to the exclusionary rule which applies where the officers who conducted the search were in no manner culpable in the Fourth Amendment violation. Id. at 143.

**IV.  Application of the Good-Faith Exception**

Here, defendant argues that the good-faith exception does not apply as the facts in this case were distinguishable from Wellons and because there were other decisions from other circuits which called into question the continued vitality of Wellons at the time of the search.

First, the Court has considered defendant's renewed argument that the facts of this case are so different from those in Wellons that the officers should not have proceeded with the search. The Fourth Circuit has already held that "[w]e find Houston's attempts to distinguish the instant case from *Wellons* unavailing." United States v. Houston, No. 16-4340 (4th Cir. May 11, 2017). Since the Order of Remand (#48) directed consideration *de novo*, the Court has considered anew defendant's arguments attempting to distinguish Wellons. Specifically, the Court has considered that argument alongside the transcript of the fist suppression hearing, the new evidence defendant presented during the second suppression hearing, and in light of the arguments he advanced in the briefs and at the end of the hearing. While defendant points to some differences, those differences

3

are immaterial, making the search in this matter virtually indistinguishable from the search in Wellons.

Second, the Court has considered defendant's argument that the officers who conducted the search could not have relied on Wellons as there were decisions in other circuits which had held that a person, who was operating a rental car in violation of the lease, did have a protectable Fourth Amendment interest in the rental car. See United States v. Thomas, 447 F.3d 1191, 1199 (9th Cir. 2006); United States v. Best, 135 F.3d 1223, 1225 (8th Cir. 1998). Other circuits had also determined that even where a person had no protectable interest in the rental car, that unauthorized driver did have standing to challenge a search of his bags found in the car. United States v. Edwards, 632 F.3d 633, 641–42 (10th Cir. 2001) (finding that the defendant had a reasonable expectation of privacy in his bags, which were closed and stored in the trunk of the rental car); United States v. Buchner, 7 F.3d 1149, 1154 (5th Cir. 1993) ("The owner of a suitcase located in another's car may have a legitimate expectation of privacy with respect to the contents of his suitcase."). Despite the disagreement with this circuit's per se rule in Wellons, it was Wellons that governed the conduct of all law enforcement officers in the states comprising the Fourth Circuit.

Officers simply cannot pick-and-choose which line of cases they wish to follow or which they believe will eventually be adopted by the Supreme Court. Just as this Court was bound to follow Wellons at the conclusion of the first suppression hearing, the officers in this case were bound to follow that decision when they conducted the search of the rental vehicle. As the Fourth Circuit earlier recognized, "because Wellons has not been overruled by a subsequent *en banc* decision from this Court or by a subsequent Supreme Court decision, it is remains the law in this

Circuit and we are bound to follow it." United States v. Houston, No. 16-4340 (4th Cir. May 11, 2017) (footnote and citation omitted).

Thus, defendant has pointed to no misconduct by the officers who searched the rental vehicle. Rather, the Court is convinced that these officers acted appropriately at the time of the search because it was squarely governed by the then binding precedent of Wellons.

**V.     Conclusion**

Exclusion of evidence for violation of protections afforded by the Fourth Amendment is not mandated by the Constitution, but is a remedy crafted by the judiciary. Calandra, 414 U.S. at 354. It protects those rights "generally through its deterrent effect …." Id. at 348. There is no deterrent effect where evidence is excluded that was gathered in compliance with binding precedent. To punish the officers by excluding evidence under a theory that the officers should have foreseen changes in the law, would not only provide no deterrent but would encourage officers to disobey binding precedent.

Ultimately, the question of whether to exclude evidence is "an issue separate from the question whether the Fourth Amendment rights of the party seeking to invoke the rule were violated by police conduct." Illinois v. Gates, 462 U.S. 213, 223 (1983).

As the Supreme Court has reiterated, the good-faith exception is dependent on the degree of culpability of the officers.

> The basic insight of the *Leon* line of cases is that the deterrence benefits of exclusion "var[y] with the culpability of the law enforcement conduct" at issue. *Herring*, 555 U.S., at 143, 129 S.Ct. 695. When the police exhibit "deliberate," "reckless," or "grossly negligent" disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to outweigh the resulting costs. *Id.*, at 144, 129 S.Ct. 695. But when the police act with an objectively "reasonable good-faith belief" that their conduct is lawful, *Leon*, *supra*, at 909, 104 S.Ct. 3405 (internal quotation marks omitted), or when their conduct involves only simple, "isolated" negligence, *Herring*, *supra*, at 137, 129 S.Ct. 695, the "'deterrence rationale loses much of its force,'" and exclusion cannot "pay its way." *See Leon*,

5

supra, at 919, 908, n. 6, 104 S.Ct. 3405 (quoting United States v. Peltier, 422 U.S. 531, 539, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975)).

Davis v. United States, 564 U.S. 229, 238 (2011). In Davis, the question was squarely the same question which is now before this Court, which is "whether to apply the exclusionary rule when the police conduct a search in objectively reasonable reliance on binding judicial precedent." Id. at 239. Clearly, the exclusionary rule has no application where law enforcement activities follow then binding circuit decisions. "An officer who conducts a search in reliance on binding appellate precedent does no more than act as a reasonable officer would and should act under the circumstances." Id., at 241 (citation and corresponding quotation marks omitted). It follows that conduct of police officers that complies with binding precedent -- which is precisely what occurred here -- is objectively reasonable. As the conduct of officers here was objectively reasonable and there would be no deterrent benefit in suppressing evidence, the exclusionary rule will not be applied as the good-faith exception applies.[3]

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Suppress (#11) is **DENIED**.

**IT IS FURTHER ORDERED** that the May 18, 2016, Judgment (#31) is **REINSTATED**.

Signed: January 4, 2019

Max O. Cogburn Jr
United States District Judge

---

[3] This Court notes that on remand, the Court of Appeals for the Third Circuit in Byrd affirmed the district court's decision denying suppression, holding that "[t]he search in this case was authorized by binding precedent in this Circuit at the time it was conducted. Accordingly, the good faith exception to the exclusionary rule applies, and we will affirm." *United States v. Byrd*, 2018 WL 3750932, *2 (3d Cir. Aug. 8, 2018) (not precedential).